UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ANTHONY M. AUGUSTA,**

    **Plaintiff,**

v.                           Case No: 5:23-cv-667-MMH-PRL

**AUGUSTO D. PAINI,**

    **Defendant.**

_____

**REPORT AND RECOMMENDATION**[1]

Plaintiff, Anthony M. Augusta, who is proceeding *pro se*, filed this purported action under the "Elder Abuse Prevention and Prosecution Act. 34 USC 10101 [sic] & Florida Statute 825.103 [sic]." (Doc. 1 at 3). Plaintiff seeks to proceed in forma pauperis (Doc. 2). For the reasons discussed below, the motion is due to be denied and the complaint dismissed.

## I. LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or … seeks monetary relief against a defendant who is

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction, therefore, is a threshold inquiry that a court is required to consider before addressing the merits of any claim, and may do so *sua sponte* (that is, on its own). *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue *sua sponte*); *cf. Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). If a court "determines at any time that it lacks subject-matter jurisdiction, [it] . . . must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. DISCUSSION

Plaintiff's Complaint arises from the sale of his mother's home on September 28, 2020. (Doc. 1 at 4). Plaintiff alleges that his "half brother [sic] tricked [Plaintiff's] mother into signing the house over to him, with the promise that he would take care of . . . [Plaintiff's] mother and . . . stepfather." (Doc. 1 at 5). "They conspired to put my mother in a facility, by obtaining power of attorney over her. She went to the hospital for bed sores, then was transfered [sic] to Ocala Health and Rehabilitation Center[.]" *Id.* "She went there for bed sore [sic] and she has been incarcerated for three years." *Id.* Plaintiff asked why she was still there

and was told that a nurse could not be afforded. *Id.* Plaintiff's "brother just took my mothers [sic] money, and he and his father abandoned her, claiming she had dementia." *Id.* As a result, Plaintiff claims that his mother's lifespan has been shortened, and her dignity taken. (Doc. 1 at 5).

### A. Subject-Matter Jurisdiction

As an initial matter, it appears that the Court lacks jurisdiction to hear Plaintiff's Complaint. Apparently, Plaintiff is asserting claims under the Elder Abuse Prevention and Prosecution Act and Florida law. (Doc. 1 at 3) (citing "34 USC 10101 [sic] & Florida Statute 825.103 [sic]").[2] Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Federal question jurisdiction exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law except "where such a claim is wholly insubstantial and frivolous." *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 (5th Cir.) *cert. denied,* 436 U.S. 946 (1978).

Here, while Plaintiff's Complaint checks the "[f]ederal question" box for the basis of this Court's jurisdiction, the sole federal statute it alleges was violated—the Elder Abuse Prevention and Prosecution Act—does not provide a private right of action. *Gooch v. McClain*, No. 1:19-CV-679, 2020 WL 13530555, at *2 (W.D. Mich. Apr. 13, 2020) (stating Elder Abuse Prevention and Prosecution Act "does not authorize private individuals to file civil lawsuits in federal court related to elder abuse") (citing 34 U.S.C. §§ 21701-21731); *see Washburn v. Nunez*, No. TDC-19-2227, 2020 WL 6204476, at *4 (D. Md. Oct. 22, 2020), *aff'd*, 848 F. App'x

---

[2] While Plaintiff refers to the Elder Abuse Prevention and Prosecution Act as arising under 34 U.S.C. § 10101, that section of title 34 refers to the "Establishment of Office of Justice Programs." 34 U.S.C. § 10101; (Doc. 1 at 3). That section appears entirely irrelevant to the instant action. Because Plaintiff refers to the Elder Abuse Prevention and Prosecution Act by name, the Court assumes he means 34 U.S.C. §§ 21701–21731.

142 (4th Cir. 2021); *see also Stefani v. Longhorn*, No. 2:23-CV-00343-YY, 2023 WL 5353722, at *2 (D. Or. May 1, 2023), *report and recommendation adopted*, No. 2:23-CV-00343-YY, 2023 WL 5350943 (D. Or. Aug. 21, 2023). Because Plaintiff cannot proceed with a claim under the Elder Abuse Prevention and Prosecution Act, and his other claim arises under state law, federal question jurisdiction does not exist. Hence, the Complaint fails to allege or implicate a federal statute or the United States Constitution. 28 U.S.C. § 1331. Accordingly, it appears that the Court lacks subject-matter jurisdiction over this action.[3]

### B. Failure to State a Claim

Next, and relatedly, the Complaint is due to be dismissed because it fails to state a claim upon which relief can be granted. As discussed above, there is no private right of action under the Elder Abuse Prevention and Prosecution Act. *See Laster v. CareConnect Health Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021) (affirming dismissal without prejudice for failure to state a claim where there was no private right of action under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d-6, and related statutes cited by Plaintiff, and court declined to exercise supplemental jurisdiction over state-law claims); *see also Smith v. JP Morgan Chase*, 837 F. App'x 769, 770 (11th Cir. 2021) (per curiam) (affirming dismissal without leave to amend where "any amendment would have been futile because" pro se plaintiff "could not have alleged different facts to state a claim under . . . statutes that do not provide private rights of action.") (citing *Woldeab v. DeKalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)).

---

[3] Likewise, diversity of citizenship jurisdiction is non-existent because the parties are all residents of the same state and thus they lack complete diversity. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship").

Ultimately, Plaintiff fails to allege facts that would support any cognizable claim. Typically, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding this rule inapplicable to counseled plaintiffs). However, a district court is not required to grant leave where amendment would be futile. *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017). Granting leave to amend would be futile if the complaint, as amended, would still be subject to dismissal. *Id.* Given a fair reading of Plaintiff's grievances, granting him leave to amend would be futile because based on the allegations it does not appear that he could state a valid federal claim for relief.

### III. RECOMMENDATION

Therefore, it is respectfully recommended that Plaintiff's motion to proceed in forma pauperis (Doc. 2) be denied and his complaint (Doc. 1) be dismissed.

Recommended in Ocala, Florida on November 20, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy